UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
Sean Snow,

                              Plaintiff,

              -against-

CITY OF NEW YORK; Police Officer WESH WEBER, and JOHN DOE 1 through 10, individually and in their official capacities (the names JOHN DOE 1 through 10 being fictitious, as the true names are presently unknown),

                            Defendants.
------------------------------------------------------------------ x

**COMPLAINT**

Jury Trial Demanded

## NATURE OF THE ACTION

1. This is an action to recover money damages arising from the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

6.	This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## PARTIES

7.	Plaintiff Sean Snow ("plaintiff") is a resident of Richmond County in the City and State of New York.

8.	Defendant City of New York is a municipal corporation organized under the laws of the State of New York.  It operates the New York City Police Department ("NYPD"), a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9.	At all relevant times defendants WESH WEBER and JOHN DOE 1 THROUGH 10 were police officers, detectives or supervisors employed by the NYPD.  Plaintiff does not know the real name and shield number of defendants JOHN DOE 1 through 10.

10.	At all relevant times defendants WESH WEBER and JOHN DOE 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD.  Defendants WESH WEBER and JOHN DOE 1 through 10 are sued in their individual and official capacities.

11. At all relevant times, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

12. On August 10, 2014 at approximately 11:45 p.m., plaintiff was driving his car within the confines of the 70 Precinct in Brooklyn, in the City and State of New York.

13. Plaintiff's car was stopped by NYPD officers.

14. After plaintiff provided identification, he was given a summons for reckless driving and excessively tinted windows.

15. When he was cleared to leave, plaintiff began to drive away, but his car stalled.

16. The car would not start again, so plaintiff turned on the hazard lights.

17. Plaintiff got out, opened the car's hood, and began checking the battery cables.

18. Two defendant police officers approached and asked plaintiff if everything was alright. Plaintiff closed the car's hood.

19. Defendant WEBER told plaintiff to get in his car and move it to the right.

20. Plaintiff replied that the light was red, so he would have to wait.

21. Defendant police officers ordered plaintiff to get out of the car.

22. Defendant police officers put handcuffs on plaintiff.

23. Plaintiff told defendant police officers that the handcuffs were too tight. Defendant police officers responded by violently throwing plaintiff into the back of a police car.

24. A defendant police officer then slammed the door of the police car on plaintiff's foot.

25. Plaintiff was arraigned on charges of Disorderly Conduct and violating various sections of the Vehicle and Traffic Law and released on his own recognizance.

26. After being released plaintiff went directly to Staten Island University Hospital, where he was treated for a shoulder injury and discharged.

27. At a subsequent court appearance plaintiff's case was adjourned in contemplation of dismissal ("ACD").

28. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty and suffered bodily injury, pain, emotional distress, mental anguish, fear, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
## 42 U.S.C. § 1983

29. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

30. Defendants, by their conduct toward plaintiff alleged herein, violated plaintiff's rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

31. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
### False Arrest

32. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

33. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

34. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages alleged herein.

## THIRD CLAIM
### Failure To Intervene

35. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

36. Those defendants who were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

37. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

38. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages alleged herein.

## FOURTH CLAIM
### Unreasonable Force

39. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

40. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

41. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Denial Of Constitutional Right To Fair Trial

42. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

43. The individual defendants created false evidence against plaintiff.

44. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

45. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

46. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
## MALICIOUS ABUSE OF PROCESS

47. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

48. The individual defendants issued legal process to place plaintiff under arrest.

49. The individual defendants arrested plaintiff in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to punish him for exercising his First Amendment right to question them.

50. The individual defendants acted with intent to do harm to plaintiff without excuse or justification.

51. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.


DATED:   January 5, 2015
         New York, New York


_____
Robert Marinelli
305 Broadway, 9th Floor
New York, New York 10007
(212) 822-1427
robmarinelli@gmail.com

*Attorney for plaintiff*